

**Dated: June 6th, 2019**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| IN RE: | CASE NO. 3:19-bk-30095 |
|---|---|
| TRACY NICOLE ROSE, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |

### MEMORANDUM OPINION AND ORDER
### DISMISSING CASE AND BARRING DEBTOR
### FROM REFILING FOR A PERIOD OF TWO YEARS

Pending is the United States Trustee's Motion to Dismiss Case for Debtor Tracy Nicole Rose's failures (1) to move for a waiver of credit counseling for exigent circumstances, and (2) to appear for a scheduled meeting with creditors. [Dckt. 15] The Court heard arguments on May 24, 2019. The matters are ready for adjudication.

**I.**

Ms. Rose has filed four prior bankruptcy petitions in this Court. The prior cases are as follows:

| Case No. | Date Filed | Date Dismissed |
|---|---|---|
| 3:17-bk-30468 (Ch. 7) | October 17, 2017 | January 3, 2018 |
| 3:18-bk-30011 (Ch. 7) | January 12, 2018 | April 10, 2018 |
| 3:18-bk-30266 (Ch. 7) | June 25, 2018 | October 2, 2018 |
| 3:18-bk-30468 (Ch. 7) | November 9, 2018 | February 22, 2019 |

In her first case, Ms. Rose failed to file the required credit counseling certificate. The case was dismissed on motion by the United States Trustee ("Trustee") for failure to obtain pre-petition credit counseling.

The second, third, and fourth cases were dismissed due to the failure to appear for scheduled § 341 meetings of creditors.

Ms. Rose filed the instant case on March 13, 2019. She failed to attend a scheduled § 341 meeting of creditors and further failed to file required documents (including credit counseling certificates or a motion to waive that requirement).

The Trustee moved to dismiss the present case. The motion is based on Ms. Rose's failures to (1) file a motion requesting a waiver of credit counseling for exigent circumstances, (2) file a complete application for waiver of filing fees, and (3) appear for the scheduled meeting of creditors. [Dckt. 15].

## II.

**A.    Governing Standard**

Title 11 U.S.C. § 109 governs who may be a debtor. Section 109(g)(1) provides as follows:

> (g) Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . .

11 U.S.C. § 109(g)(1).

This 180-day filing ban is "an extraordinary remedy for perceived abuses of the [Bankruptcy] Code." *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir. 2015) (quoting *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991) (internal quotation marks omitted)). "Willful," although not defined in the Bankruptcy Code, has been interpreted as meaning "deliberate or intentional." *Denisar v. Payne*, No. 5:12cv00090, 2013 U.S. Dist. LEXIS

2

10047, at *9 (W.D. Va. Jan. 25, 2013) (quoting *Walker v. Stanley*, 231 B.R. 343, 347-47 (N.D. Cal. 1999) (citing *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996))). Missing a single hearing or § 341 meeting of creditors does not rise to the level of "willful." *Id.* However, courts have interpreted repeated conduct as rising to deliberateness. *Id.* And, importantly, "the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which . . . [the statute] was designed to prevent." *Id.* at *10 (quoting *Walker*, 231 B.R. at 348 (quoting *Hererra*, 194 B.R. at 189 (quoting *In re Nelkovski*, 46 B.R. 542, 545 (Bankr. N.D. Ill. 1985))).

For example, in *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933 (4th Cir. 1997), the debtor failed to attend the initial creditors meeting and did not file schedules. Our court of appeals described these actions as constituting "an abuse of the protection afforded her by the bankruptcy system." *Tomlin*, 105 F.3d at 941. Furthermore, "[h]er purpose seemed clear; by continuously filing petitions, the automatic stay prevented foreclosure action on her home." *Id.* Importantly, the court of appeals noted that the *Tomlin* debtor's behavior was "the very behavior for which Congress formulated § 109(g)." *Id.*

**B.    Analysis**

**1. Bar to Refiling**

Ms. Rose has exhibited behavior satisfying the requirements of § 109(g)(1). The relevant filings show a flagrant disregard for the bankruptcy process. Essentially, Ms. Rose filed her cases and then took no action to abide by the Code. This pattern evidences deliberateness and willfulness. The Court will infer from her actions an abuse of the bankruptcy process. Her behavior, as in *Tomlin*, is the very behavior for which Congress enacted § 109(g)(1). Inasmuch as

her behavior satisfies the requirements of § 109(g)(1), § 349(a) also applies, permitting a refiling bar exceeding 180 days.[1]

## 2. Trustee's Motion to Dismiss

Under 11 U.S.C. § 109(h)(1), a debtor is required to receive credit counseling prior to filing the bankruptcy petition. Here, Ms. Rose failed to file a credit counseling certificate and failed to seek relief for her failure to file a credit counseling certificate. Proof of completed counseling was due at the time of filing -- March 13, 2019. Ms. Rose has also failed to file a complete application to waive the filing fee. As of the May 24, 2019, hearing, she still had not filed these two requests, despite issuance of a deficiency notice on March 13, 2019.

Further, a debtor's attendance at the § 341 meeting of creditors is required under 11 U.S.C. § 343(a). In this case, Ms. Rose failed to attend two separate meetings of the creditors which occurred on April 19 and May 17, 2019. Notice of the May 17, 2019, meeting was entered on May 13, 2019. However, notice of the May 17, 2019, meeting was given at the April 19, 2019, meeting.

---

[1] Title 11 U.S.C. § 349 permits the dismissal for periods exceeding that prescribed in § 109(g). Section 349(a) provides as follows:

> (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title [11 USCS § 109(g)].

11 U.S.C. § 349(a).
    Section 349 is not a limit on the bankruptcy court's authority to impose a bar of longer than 180 days. *Tomlin*, 105 F.3d at 938. If the criteria under 109(g) are satisfied, then § 349(a) authorizes dismissal with prejudice, meaning that the debtor may not refile. *Id.* Section 349(a) provides no limitation on the period for which refiling is barred, as opposed to the 180-day ban noted in § 109(g).

Inasmuch as Ms. Rose has defaulted in multiple material respects regarding her obligations under the Code,

**IT IS ORDERED** that the Trustee's Motion to Dismiss be, and hereby is, **GRANTED**. It is further **ORDERED** that Ms. Rose be, and is hereby, barred from filing another bankruptcy case for a period of two years dating from the entry of this written opinion and order.